**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123287

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Peake,<br><br>Plaintiff,<br><br>v.<br><br>18Thirty Entertainment, LLC,<br><br>Defendant. | Case No: 1:21-cv-01320-JLT-SAB<br><br>**FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>Magistrate Stanley L. Boone |

Plaintiff Scott Peake ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant 18Thirty Entertainment, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates videos and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a production company in which it creates videos and images for commercial and non-commercial uses.

4. Defendant, using the Plaintiff's copyrighted material, created a short film titled "Outside Beyond the Lens Storm Chasers" which was Episode 3 of Season 1 of the series (the "*TV Show*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Videos on the TV Show and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Scott Peake is an individual who is a citizen of the State of Texas and maintains a principal place of business at 1117 Valley Ridge Drive, Woodway, in Mclennan County, Texas.

7. On information and belief, Defendant 18Thirty Entertainment, LLC, is a California Limited Liability Company with a principal place of business at 1703 North Carolina Ave, Clovis in Fresno County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over 18Thirty Entertainment, LLC because it maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because 18Thirty Entertainment, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owners of videos which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

15. 18Thirty Entertainment, LLC produced the TV Show.

16. 18Thirty Entertainment, LLC had creative control in the selection of the material for the TV Show.

17. On information and belief, 18Thirty Entertainment, LLC was compensated for their production of the TV Show.

18. On May 10, 2014, Plaintiff Scott Peake authored a video of a tornado in Orrick, Missouri ("Video 1"). A copy of a still image from Video 1 is attached hereto collectively as Exhibit 1.

19. Plaintiff applied to the USCO to register Video 1 on or about August 22, 2020 under Application No. 1-9148831081.

20. Video 1 was registered by the USCO on August 22, 2020 under Registration No. PA 2-259-712.

21. On August 7, 2020, Plaintiff observed segments from Video 1 in the TV Show. A copy of the screengrab of a website where the TV Show was displayed including the same still image from Video 1 is attached hereto collectively as Exhibit 2.

22. On May 7, 2016, Plaintiff Scott Peake authored a video of a tornado in Wray, Colorado ("Video 2"). A copy of a still image from Video 2 is attached hereto collectively as Exhibit 1.

23. Plaintiff applied to the USCO to register Video 2 on or about August

22, 2020 under Application No. 1-9148831081.

24. Video 2 was registered by the USCO on August 22, 2020 under Registration No. PA 2-259-712.

25. On August 7, 2020, Plaintiff observed segments from Video 2 in the TV Show.

26. On May 9, 2016, Plaintiff Scott Peake authored a video of a tornado in Wynnewood, Oklahoma ("Video 3"). A copy of a still image from Video 3 is attached hereto collectively as Exhibit 1.

27. Plaintiff applied to the USCO to register Video 3 on or about August 22, 2020 under Application No. 1-9148831081.

28. Video 3 was registered by the USCO on August 22, 2020 under Registration No. PA 2-259-712.

29. On August 7, 2020, Plaintiff observed segments from Video 3 in the TV Show.

30. A table summarizing the segments from Plaintiff's videos is set forth below:

| Plaintiff's Video / Segment | Defendant's TV Show Segment | Segment Length |
|---|---|---|
| Video 1<br>May 10, 2014 Orrick, MO<br>Tornado Scott Peake<br>0:47 – 0:52 | 8:46 - 8:51 | 0:05 |
| Video 2<br>May 7, 2016 Eckley-Wray, CO<br>Tornadoes Scott Peake<br>0:51 - 0:56 | 19:58 - 20:03 | 0:05 |
| Video 3<br>May 9, 2016 Wynnewood, OK<br>Tornado Dashcam<br>8:48 – 8:53 | 19:53 - 19:58 | 0:05 |

| | | |
|---|---|---|
| | Total | 0:15 |

31. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected video segments (hereinafter collectively referred to as "*Videos*") as are set forth in Exhibit "1" on the TV Show.

32. On information and belief, the Videos were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

33. Each Infringement is an exact copy of the segment of Plaintiff's original Videos that were directly copied and displayed by Defendant on the TV Show.

34. On information and belief, the segments of the Videos were willfully and volitionally placed to the TV Show by Defendant.

35. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

36. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its video productions and exercised and/or had the right and ability to exercise such right.

37. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

38. On information and belief, a large number of people have viewed the unlawful copies of the Videos on the TV Show.

39. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. Defendant's use of the Videos, if widespread, would harm Plaintiff's

potential market for the Videos.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

42. Plaintiff, as evidenced by his protected material, undertook substantial risk in the creation of the aforementioned Videos.

43. Plaintiff's pursuit of severe weather phenomenon, or more colloquially "Storm Chasing," is a dangerous activity upon which Plaintiff creates original works that are not readily capable of repetition.

44. Defendant's reproduction of portions of Plaintiff's Videos not only diminishes Plaintiff's market for the Videos but also denigrates the risk associated with creation of the Videos.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Videos are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

47. Plaintiff has not licensed Defendant the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the segments of the Videos and display of the segments of the Videos constitutes willful copyright infringement. *Feist*

*Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

51. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs pursuant to 17 U.S.C. § 505 from Defendant.

52. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Integrity of Copyright Management Information 17 U.S.C. § 1202)

53. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

54. Upon information and belief, Defendant knew that Plaintiff created and held rights to the Videos because, *inter alia*, the individual sources of the Videos that Defendant used to make its infringing copies specifically attributed the Videos to Plaintiff by watermark or video credit.

55. Upon information and belief, in its production of the TV Show, Defendant copied portions of Video 1 from https://www.youtube.com/watch?v=EzISenNGn58 which contained a watermark on the bottom right of Video 1 stating "©Basehunters," depicting the professional entity associated with the owner and author of the Photograph (*Exhibit 3-DMCA Screengrab Infringement #1*).

56. Upon information and belief, in its production of the TV Show,

Defendant copied portions of Video 2 from https://www.youtube.com/watch?v=1ZlXRJ1X6EE which contained a watermark on the bottom left of Video 2 stating "©Basehunters," depicting the professional entity associated with the owner and author of the Photograph (*Exhibit 3-DMCA Screengrab Infringement #2*).

57. Upon information and belief, in its production of the TV Show, Defendant copied portions of Video 3 from https://www.youtube.com/watch?v=phEZbzbzyVA which contained a watermark on the bottom left of Video 3 stating "©2016 Basehunters Chasing," depicting the professional entity associated with the owner and author of the Photograph (*Exhibit 3-DMCA Screengrab Infringement #3*).

58. The foregoing video credits and/or watermarks are copyright management information.

59. Copies of the screengrabs of the websites of first publication including the same still images as exhibited in Exhibit 1 and Exhibit 2 are attached collectively as Exhibit 3.

60. Upon information and belief, Defendant intentionally removed copyright management information related to the Videos with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to include the video credit and/or watermark originally conveyed with the Videos in order to mislead the public into believing that Defendant either owned the Videos or had legitimately licensed them for use in the Infringements. Upon information and belief, in addition to removing the video credit and/or watermark, Defendant also removed the metadata from the Videos.

61. In addition, upon information and belief, Defendant displayed the unauthorized copies of the Videos knowing the copyright management

information had been removed.

62. Defendant's conduct violates 17 U.S.C. § 1202(a) and 1202(b).

63. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

64. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Videos. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Videos.

65. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 1202(b)(4) and (5) from Defendant.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 <u>et seq.</u> and award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in the Videos by copying and displaying without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or;

   c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d. for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

   e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. 1202(b)(5);

   f. for pre judgment interest as permitted by law; and

   g. for any other relief the Court deems just and proper.

DATED: March 1, 2022

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123287

*Attorneys for Plaintiff*